FILED' 08 NOV 20 09:43 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN MARTIN VOYLES

    Petitioner,

v.

JEAN HILL

    Respondent.

Civil No. 06-895-BR

OPINION AND ORDER

CRAIG E. WEINERMAN
Assistant Federal Public Defender
151 W. 7th Avenue, Suite 510
Eugene, OR 97401

    Attorney for Petitioner

HARDY MYERS
Attorney General
SUMMER R. GLEASON
Oregon Department of Justice
1162 Court Street, NE
Salem, OR  97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, in custody of the Oregon Department of Corrections, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. He challenges his conviction and sentencing alleging he was incompetent to stand trial and received ineffective assistance of counsel. For the reasons set forth below, Petitioner's Amended Petition for Writ of Habeas Corpus (#37) is **DENIED.**

## BACKGROUND

Petitioner is an individual with a history of mental health problems and numerous psychological evaluations suggesting some degree of mental retardation. He also has a history of sexual offenses beginning at age nine. (Petr.'s Mem., #38, 2-4; Respt.'s Response, #46, 2-3,) In January 1998, at age 39, Petitioner was indicted on multiple counts for sexual acts involving two of his nieces. (Respt.'s Response, #46, 3.) Petitioner's counsel retained Joel Rice, M.D. to evaluate Petitioner as to his competency to stand trial. (Petr.'s Mem., #38, 4.) In a report dated November 6, 1998, Dr. Rice noted that Petitioner's "capacity to cooperate with his attorneys and understand the nature of the proceedings against him are clearly impaired, but not to the degree of incompetence as might be the case in dementia or a psychotic process." (Petr.'s Ex. 9, 3.) Dr. Rice noted conflicting opinions as to Petitioner's ability to aid in his defense in psychiatric

2 - OPINION AND ORDER -

evaluations from 1975 and 1980 and described Petitioner as falling "into the grey zone of psychiatric opinion." (Petr.'s Ex. 9, 3.) Dr. Rice deferred to the court on the question of Petitioner's capacity to stand trial. (Id.)

On December 8, 1998, counsel filed a Notice of Intent to Rely on the Defenses of Mental Disease or Defect, Partial or Diminished Responsibility, and Extreme Emotional Disturbance. (Petr.'s Ex. 10.) During a release hearing on December 15, 1998, Petitioner's counsel informed the court that Petitioner's IQ was "in the mid-60's range." (Petr.'s Ex. 12, 2 and 5.) On March 17, 1999, counsel filed a Withdrawal of Mental Defense. (Petr.'s Ex. 13.) The court did not hold a competency hearing. (Petr.'s Mem., #38, 6.)

Following a trial by jury, Petitioner was convicted in Baker County Circuit Court on one count of Rape in the First Degree, one count of Sodomy in the First Degree, and seven counts of Sexual Abuse in the First Degree. At sentencing on August 27, 1999, counsel argued Petitioner's diminished mental capacity was a mitigating factor. (Trial Tr., #27, 535.) Nevertheless, the court imposed five consecutive terms of imprisonment under Measure 11, and four consecutive, upward departure sentences under sentencing guidelines for a total of 706 months imprisonment. (Answer, #47, 2; Respt.'s Ex. 109, 3-4.) The sentencing court noted it had effectively imposed a life sentence. (Trial Tr., #27, 540.)

3 - OPINION AND ORDER -

Petitioner directly appealed his conviction, challenging the constitutionality of his sentencing under Measure 11, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *State v. Voyles*, 173 Or.App. 299, 21 P.3d 665 (2001), *rev. denied*, 332 Or. 250, 27 P.3d 1044 (2001). Petitioner sought post-conviction relief ("PCR"), alleging ineffective assistance of trial and appellate counsel, and sentencing error. (Respt.'s Ex. 109, 5.) The PCR trial court denied relief, (Respt.'s Exs. 120, 122), and Petitioner appealed, submitting a *Balfour* Brief with no assignments of error.[1] (Respt.'s Ex. 123.) The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Voyles v. Bartlett*, 198 Or. App. 533, 109 P.3d 803 (2005), *rev. denied* 338 Or. 680, 115 P.3d 246 (2005).

Petitioner's federal habeas petition presents two grounds for relief:

> Ground One: Petitioner was denied his due process rights under the Fourteenth Amendment to the United States Constitution because he was incompetent to proceed during

---

[1] Upon concluding that only frivolous issues exist on appeal, a *Balfour* brief allows appointed counsel to meet constitutional requirement of "active advocacy" without violating rules of professional conduct. Section A, signed by counsel, contains a statement of the case, including a statement of facts, sufficient to apprise the court of the jurisdictional basis for the appeal, but contains no assignments of error or argument. Section B, signed only by the appellant, is a presentation of the issues that appellant seeks to raise but that counsel considers to be frivolous. *Balfour v. State of Oregon*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

>    his trial and the state procedures to ensure that he was
>    in fact competent to stand trial were inadequate.
>
>    Ground Two: Petitioner was denied his right to the
>    effective assistance of counsel under the Sixth and
>    Fourteenth Amendments to the United States Constitution
>    because trial counsel failed to sufficiently investigate
>    whether Petitioner was competent to stand trial and
>    allowed an incompetent client to be tried.

(Amended Petition, #37, 2-3.) In his memorandum, Petitioner concedes both claims are procedurally defaulted: Ground One because he did not raise it in State court, (Petr.'s Mem. #38, 11), and Ground Two because it was not raised in PCR appeals. However, Petitioner argues a claim of substantive incompetency should not be subject to default, not withstanding Ninth Circuit law to the contrary, (Petr.'s Mem., #38, 11), and he argues the miscarriage of justice exception to procedural default should be applied to both claims. (Petr.'s Mem., #38, 12-13.)

### DISCUSSION

**A. Standards**

Before a federal court may consider a petition for habeas relief pursuant to 28 U.S.C. § 2254, a state prisoner must have exhausted all available state court remedies through a direct appeal or through collateral proceedings. *See* 28 U.S.C. § 2254 (b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)(state courts must have an opportunity to act on claims before they are presented in a habeas petition). The exhaustion requirement is satisfied when federal claims have been fairly presented to the

5 - OPINION AND ORDER -

state's highest court as a federal question. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Castillo v. McFadden*, 370 F.3d 882, 886 (9th Cir. 2004). In Oregon, the Oregon Supreme Court is the highest state court with jurisdiction to hear post-conviction claims in satisfaction of the exhaustion requirement. *See* Or. Rev. Stat. 138.650 (2005).

A state prisoner procedurally defaults federal claims if he fails to raise them as federal claims in state court or is barred from doing so under applicable state procedural rules. *O'Sullivan*, 526 U.S. at 848; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). When a state prisoner defaults his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the defaulted claims is precluded unless the prisoner can show both "cause" for the procedural default and actual prejudice or the prisoner demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750.

The miscarriage of justice or actual innocence exception to procedural default is limited to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). To be credible, a claim of actual innocence must be

6 - OPINION AND ORDER -

supported with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324.

The required evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error. *See id.* at 321. It is not enough that the evidence show the existence of reasonable doubt, petitioner must show "that it is more likely than not that no 'reasonable juror' would have convicted him." *Id.* at 329; *Johnson v. Knowles*, __ F.3d __, 2008 WL 4014731 at 4 (9th Cir. 2008) ("miscarriage of justice exception is limited to those *extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt"); *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001) ("the test is whether, with the new evidence, it is more likely than not that no reasonable juror would have found [petitioner] guilty").

**B.   Analysis**

Petitioner concedes both grounds for relief raised in his habeas petition are procedurally defaulted. He does not claim cause and prejudice to excuse his default and he acknowledges he does not meet "actual innocence" criteria for the miscarriage of justice exception to procedural default. (Petr.'s Mem., # 38, 12.)

7 - OPINION AND ORDER -

Nevertheless, he urges this Court to extend the miscarriage of justice exception to his claims "because a court cannot have confidence in the outcome of a trial of an incompetent person." (Petr.'s Mem., #38, 13.)  For the reasons that follow the Court declines to do so.

As Petitioner notes, the Ninth Circuit held in *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1306-07 (1996), that procedural default applies to mental competency claims.  Although Petitioner cites to a number of holdings to the contrary in other circuits and argues procedural default should not apply to his mental competency claim, (Petr.'s Mem., #38, 11), this Court is bound by Ninth Circuit precedent and is not in a position to overrule that court.

In urging this Court to apply the miscarriage of justice exception to procedural default to his claims, Petitioner contends the exception "should encompass not only situations where the new reliable evidence demonstrates actual innocence of a crime, but also that an incompetent defendant was tried and convicted . . . ."  Petitioner argues new reliable evidence of Petitioner's incompetence is found in neuropsychology reports resulting from evaluations in 2007 and should suffice to obtain review of his procedurally defaulted claims.  (*Id.* at 13.)  The Court notes this evidence does not comport with the requirements under established Supreme Court and Ninth Circuit precedent for the miscarriage of justice exception to procedural default, and does not address

8 - OPINION AND ORDER -

Petitioner's competence *at the time of trial*. Under the facts of this case, the Court does not find it appropriate to extend the miscarriage of justice exception to procedural default and, accordingly, habeas relief is not available to Petitioner.

### CONCLUSION

For these reasons the Court **DENIES** Petitioner's Amended Petition for Writ of Habeas Corpus (#37) and **DISMISSES** this action with prejudice.

IT IS SO ORDERED.

DATED this 19th day of November, 2008.

_____
ANNA J. BROWN
United States District Judge

9 - OPINION AND ORDER -